| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| JAQUAN LAYNE, | ELECTRONICALLY FILED |
| | DOC #: _____ |
| Petitioner, | DATE FILED: 10/22/2018 |

-against-                                              17 Civ. 6736 (AT) (GWG)

MICHAEL CAPRA,                                    **ORDER ADOPTING REPORT AND RECOMMENDATION**

                    Respondent.

ANALISA TORRES, District Judge:

      On September 5, 2017, Petitioner *pro se*, Jaquan Layne, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petition, ECF No. 2. On September 12, 2017, the Court referred the matter to the Honorable Gabriel W. Gorenstein. ECF No. 7. On March 1, 2018, Petitioner moved to stay his petition and hold it in abeyance pending his presentation of an additional post-conviction motion to the state court. ECF No. 21. Before the Court is the Report and Recommendation (the "R & R") of Magistrate Judge Gorenstein, which recommends that Petitioner's petition and motion to stay be denied. ECF No. 30. Petitioner filed timely objections to the R & R. Pet. Objs., ECF No. 32. For the reasons stated below, the Court ADOPTS the R & R in its entirety.

## DISCUSSION[1]

I.    <u>Standard of Review</u>

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a

---

[1] The Court presumes familiarity with the facts, as detailed in the R & R, and, therefore, does not summarize them here. *See* R & R at 2–9.

party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the R & R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

II. Habeas Petition

    A. Legal Sufficiency Claims

First, Petitioner objects to Judge Gorenstein's determination that the evidence presented at trial was sufficient to support his convictions for conspiracy. Specifically, Petitioner argues that Judge Gorenstein erred because: (1) "there was no ample evidence at all from which a

rational juror could infer that it was petitioner's voice on the phone," Pet. Objs. at 1; (2) "those alleged statements in no way provided sufficient evidence beyond a reasonable doubt, for which a rational juror could infer that petitioner participated in the alleged conspiracy," *id.* at 3; (3) "the standard for reviewing legal sufficiency of the evidence is, whether . . . any rational trier of fact could have found the essential elements of the crime beyond reasonable doubt," *id.* at 4; (4) "the alleged phone calls do not prove beyond a reasonable doubt that petitioner had the specific intent to sell at least the statutory requirement of one-half ounce of crack cocaine," *id.* at 5; and (5) "the alleged phone calls does not provided [sic] sufficient evidence from which a rational juror could infer that petitioner agreed to participate in the conspiracy alleged," *id.* at 6.

Plaintiff does nothing more than repeat the arguments he presented to Judge Gorenstein. *See* Petition at 6 ("Petitioner's convictions are based on legally insufficient evidence, where the evidence failed to [i]dentify petitioner as being the person that took part in this alleged conspiracy, being the person at the alleged drug-selling location, and being the person who[se] voice is on the recorded phone calls, (2) where the evidence failed to prove that petitioner ever had the specific intent to commit the offense that is the object of the alleged conspiracy – here to posses[s] at least four ounce[s] or more, and/or to [sell] at least half an ounce or more, and (3) where the evidence failed to show that petitioner was a member of the conspiracies as charged in the indictment."). These "objections" do not give rise to *de novo* review, as they "simply reiterate[] [Petitioner's] original arguments." *Easterly v. Tri-Star Transp. Corp.*, 11 Civ. 6365, 2015 WL 337565, at *1 (S.D.N.Y. Jan. 23, 2015). To find otherwise "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (internal quotation marks and citation omitted). The Court, therefore, reviews this portion of the R & R strictly for clear error,

*Easterly*, 2015 WL 337565, at *1, and finds none. Judge Gorenstein's determination that the evidence was sufficient to convict Petitioner is supported by substantial evidence and free of legal error.

B. Admission of Co-conspirator Statements

Second, Petitioner objects to Judge Gorenstein's determination that the prosecution met its burden of showing a prima facie case of conspiracy, and thus, that the trial court properly admitted the co-conspirators' statements against Petitioner. Pet. Objs. at 8–11. In support of this objection, Plaintiff again merely repeats the arguments he presented to Judge Gorenstein, which do not give rise to *de novo* review. *See* Petition at 8 ("The trial court erred in ruling that the Riker's Island tapes were admissible, as co-conspirator statements because a prima facie case of conspiracy was established by the guilty pleas of nine defendants [w]ho admitted to a conspiracy-evidence that was neither admitted nor admissible at his trial."). Therefore, the Court, once again, reviews this portion of the R & R for clear error and finds none. Judge Gorenstein's determination is well-reasoned and grounded in fact and law.

C. Right To Be Present Claim

Third, Petitioner objects to Judge Gorenstein's determination that "Layne's counsel waived Layne's presence at the *in camera* questioning of potential jury member[s]." Pet. Objs. at 11. The Court disagrees, and finds that Judge Gorenstein comprehensively and accurately addressed the legality of counsel's waiver of petitioner's right to be present during jury selection.

Upon the consent of all parties, jury selection in Petitioner's trial occurred in two phases. First, the trial court inquired into scheduling or financial issues and dismissed members of the jury panel with such issues; second, the trial court conducted the regular jury proceedings, interviewing potential jurors as to any biases and their awareness of the case. 9/13 Tr. 5:9–6:10,

4

ECF No. 14-6. During the first phase, the judge took into the jury room those panel members who had concerns about their ability to serve in order to inquire, in the presence of counsel, about those concerns. *Id.* 39–119. Petitioner and his co-defendants were not present for these *in camera* inquiries, upon consent of Petitioner's counsel, who told the trial court, "Jaquan Layne will remain seated at the defense table while I approach the bench." *Id.* 37:15. Judge Gorenstein noted this statement in the R & R. R & R at 28, 33. Petitioner challenges the fact that, on the third day of the first phase of jury selection, he was not present because there was a search of the prison facility and the defendants were not produced by the Department of Correction. 9/15 Tr. 240–41, ECF No. 14-7. Petitioner's counsel, however, did not object to proceeding with the first phase of the jury screening process without Petitioner's presence. *Id.* 240–42. Judge Gorenstein noted this fact in the R & R as well. R & R at 29.

It is well-settled that counsel may waive the presence of a defendant at side-bar jury questioning. *See Cohen v. Senkowski*, 290 F.3d 485, 492 (2d Cir. 2002) ("[W]hen a defendant is fully apprised of the nature of the pre-screening procedure, makes no objection to the procedure, and has counsel present for the duration of the pre-screening, a knowing waiver of the right to be present occurs."); *Tankleff v. Senkowski*, 135 F.3d 235, 237 (2d Cir. 1988) (finding that waiver of defendant's right to be present during a particular stage of voir dire could "properly be inferred from the conduct of the defendant and his attorneys"). The Court, therefore, rejects Petitioner's contention that Judge Gorenstein incorrectly held that Petitioner's counsel waived petitioner's right to be present at the *in camera* questioning of potential jury members. Pet. Objs. at 11.

    D. Jury Instruction Claim

Fourth, Petitioner objects to Judge Gorenstein's determination that the trial court correctly applied New York law in rejecting Petitioner's request for a multiple conspiracies

charge directing an acquittal in the event that the jury concludes that a single integrated conspiracy was not proven. Pet. Objs. at 12–14. In support of this objection, Plaintiff merely offers the same type of conclusory assertions that Judge Gorenstein found to be insufficient. *See id.* at 13 ("[T]here was a reasonable view of the evidence that shows that this alleged conspiracy was different from the conspiracy charged in the indictment."); *id.* ("[P]etitioner show[s] overwhelming evidence that there [were] multiple conspiracies instead of the integrated conspiracy charged in the indictment."); *id.* at 14 ("The possibility of more than one conspiracy did not have to be established beyond all doubt or beyond a reasonable doubt for petitioner to have been entitled to the *Leisner* charge for multiple conspiracies."); *see also* Petition at 11 ("It was more than possible, considering the trial evidence[,] [t]hat the jury could find that multiple conspiracies existed, and the trial court erred in ruling that there was no possibility of separated conspiracies[.]"); Pet. Reply at 20, ECF No. 20 ("Here, the evidence established multiple conspiracies instead of the single integrated conspiracy to possess narcotics[.]"); *id.* at 22 ("The possibility of more than one conspiracy did not have to be established beyond all doubt or beyond a reasonable doubt for petitioner to have been entitled to the *Leisner* charge for multiple conspiracies."). The Court finds no clear error in Judge Gorenstein's conclusion that "[b]ecause there was no evidence of multiple conspiracies, the trial court did not err." R & R at 37; *cf. Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) ("The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments.").

III. Motion to Stay

Finally, in a letter dated March 1, 2018, Petitioner requests that this case be stayed and held in abeyance pending his presentation of an additional post-conviction motion to the state

court. ECF No. 21. Petitioner argues that his trial counsel was ineffective by failing to investigate whether the prosecution followed New York City Department of Correction procedures in obtaining recordings of his phone calls made from Rikers Island, and that his trial counsel failed to object at trial to the foundation laid for the admission of these phone calls. *Id.* Judge Gorenstein recommended that Petitioner's motion to stay should be denied because (1) if Petitioner moved to amend his petition to add these new claims, they would be dismissed as time-barred and (2) in any event, Petitioner failed to show good case for not having raised these claims before. R & R at 37–29. Petitioner has not objected to this portion of the R & R, and thus the Court reviews for clear error only. *See Molina v. Colvin*, 13 Civ. 4701, 2014 WL 3925303, at *1 (S.D.N.Y. Aug. 7, 2014). The Court finds no error in Judge Gorenstein's determination that Petitioner's claim is meritless. Therefore, a stay would be inappropriate and Petitioner's request is DENIED.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R & R to which Petitioner properly objects and has reviewed the remainder of the R & R for clear error.[2] For the reasons stated above, the Court ADOPTS the R & R in its entirety. Petitioner's petition for a writ of habeas corpus is DENIED and his request for a stay is DENIED.

The Clerk of Court is directed to mail a copy of this order to Petitioner *pro se* and to close the case.

SO ORDERED.

Dated: October 22, 2018
      New York, New York

ANALISA TORRES
United States District Judge

---

[2] To the extent not discussed above, the Court finds the unchallenged portions of the R & R to be free of clear error.